1  Vanessa R. Waldref
2  United States Attorney
3  Eastern District of Washington
   Patrick J. Cashman
4  Assistant United States Attorney
5  Post Office Box 1494
   Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 04 2022

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JAMES ANDERSON and CONNOR DUANE GOODMAN,<br><br>Defendants. | **4:22-CR-6001-SMJ**<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 371<br>Conspiracy to Make or Possess an Unregistered Destructive Device<br>(Count 1)<br><br>26 U.S.C. §§ 5841, 5845(a)(8), 5861(d), 5871<br>Possession of an Unregistered Destructive Device<br>(Count 2)<br><br>26 U.S.C. § 5872, 28 U.S.C. § 2461, 49 U.S.C. § 80303<br>Forfeiture Allegations |

INDICTMENT – 1

The Grand Jury charges:

COUNT 1

GENERAL ALLEGATIONS

1. At all times relevant to this Indictment, the Defendants, DANIEL JAMES ANDERSON ("ANDERSON") and CONNOR DUANE GOODMAN ("GOODMAN"), were members of a self-described anti-government/anti-authority group called "the Verified Bois."

2. At all times relevant to this Indictment, ANDERSON resided in Kennewick, Washington, within the Eastern District of Washington.

3. At all times relevant to this Indictment, GOODMAN, resided in Auburn, Washington, within the Western District of Washington.

4. At all times relevant to this Indictment, neither ANDERSON nor GOODMAN had any firearms or explosive devices registered in their names in the National Firearms Registration and Transfer Record.

5. The Verified Bois regularly conducted training events, during which members of the group practiced small unit tactics, raids, firearms handling and manipulation, and survival skills.

6. At least one of these training events occurred within the Eastern District of Washington.

INDICTMENT – 2

7. Beginning on a date unknown, but by on or about June 1, 2021, and continuing until on or about December 16, 2021, in the Eastern District of Washington and elsewhere, ANDERSON and GOODMAN did willfully conspire and agree with each other and others, both known and unknown to the Grand Jury, to knowingly make and possess a destructive device, as that term is defined in 26 U.S.C. § 5845(a)(8), which was not registered to either of them in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. §§ 5822, 5841, 5845(a)(8), 5861(c), (d), and (f).

## THE UNLAWFUL OBJECT AND MANNER AND MEANS OF THE CONSPIRACY

8. It was the overall object and plan of the conspiracy to construct a destructive device for possible future use in attacking law enforcement officers.

9. Members of the Verified Bois, including ANDERSON and GOODMAN, frequently discussed their willingness to use force against members of groups whom they perceived to engage in over-aggressive law enforcement action.

## OVERT ACTS

10. In furtherance of the conspiracy and to accomplish its objectives, ANDERSON, GOODMAN, and other co-conspirators committed the following overt acts, among others, some of which occurred within the Eastern District of Washington:

INDICTMENT – 3

a. In May 2021, during a Verified Bois meeting, GOODMAN discussed loading a vehicle with Tannerite, a binary explosive that is commercially available for target-shooting purposes, which would turn the vehicle into a vehicle-born improvised explosive device.

b. On or about June 1, 2021, ANDERSON used an online social media platform to request that members of the Verified Bois provide him with flash powder or fireworks containing magnesium and phosphorus so that he could construct an improvised explosive device.

c. Between on or about June 1, 2021 and on or about June 26, 2021, in response to ANDERSON's request, GOODMAN obtained fireworks from a tribal reservation located in the Western District of Washington and arranged to transport the fireworks to ANDERSON in the Eastern District of Washington. The fireworks obtained by GOODMAN consisted of a package containing five (5) Thundercracker KK0033 fireworks, UN0336 1.4G. A label affixed to each firework indicated the presence of explosives. The packaging indicated that the fireworks were manufactured in China, a foreign nation.

d. On or about June 26, 2021, in the ~~Western~~ Eastern District of [pmc 1/4/2022] [xx 1/4/2022] Washington, GOODMAN delivered the fireworks to a confidential source ("CS"), who then delivered the fireworks to ANDERSON at the behest of GOODMAN. The exchange of the fireworks between ANDERSON and the CS occurred at

INDICTMENT – 4

ANDERSON's residence in the Eastern District of Washington on or about June 29, 2021.

  e. During this exchange, ANDERSON informed the CS that his intent was to use the contents of the fireworks to construct improvised explosive devices. Specifically, ANDERSON told the CS that he would be constructing improvised explosive devices that would include ball bearings as shrapnel and the explosive material from the fireworks.

  f. During this same exchange when speaking to the CS, ANDERSON also described hand-held explosive devices that could be used at protests or thrown over the front line of law enforcement officers and explode behind them.

  g. In July 2021, ANDERSON informed the CS that he was having difficulty with the construction of one of his explosive device designs, which he was constructing. ANDERSON told the CS that the ball bearings did not properly adhere to the sides of the device.

  h. In August 2021, ANDERSON told the CS that he had recently tested three types of explosive devices that he had constructed. ANDERSON told the CS that two of the three devices performed as designed.

  i. In September 2021, on an online social media platform, ANDERSON described his devices as "distraction devices" before stating the

INDICTMENT – 5

following: "[the devices] aren't training tools. I wouldn't be anywhere near this thing. It's going to throw shrapnel like a MF." ANDERSON further stated that he had produced multiple versions of a device.

j. In October 2021, ANDERSON, at his residence in the Eastern District of Washington, showed the CS an example of an improvised explosive device that he had designed, and explained how he had constructed the device. The device consisted of a glass mason jar, filled with paper wadding, with shotgun pellets affixed to the wadding, an explosive charge wrapped in black tape, a fuse, and a reinforced cap.

k. In December 2021, GOODMAN informed the CS that the fireworks that GOODMAN had provided to the CS to deliver to ANDERSON were for the purpose of ANDERSON developing an improvised explosive device.

l. In December 2021, GOODMAN agreed to sell the CS similar fireworks, so the CS could construct improvised explosive devices similar to those designed by ANDERSON.

m. In December 2021, ANDERSON and GOODMAN attended a multi-day meeting at which the CS was also present. This meeting took place in the Eastern District of Washington. During this meeting, GOODMAN sold the CS twelve (12) mortar-style fireworks, so that the CS could construct improvised explosive devices.

INDICTMENT – 6

n.   During this same multi-day meeting in the Eastern District of Washington, ANDERSON informed the CS how to manipulate the fireworks to extract the compounds necessary to construct improvised explosive devices.

All in violation of 18 U.S.C. § 371.

## COUNT 2

On or about December 16, 2021, in the Eastern District of Washington, the Defendant, DANIEL JAMES ANDERSON, did knowingly possess a firearm that was not registered to him in the National Firearms Registration and Transfer Record, to wit: an improvised explosive device consisting of a small glass jar containing wadding, shrapnel, an explosive charge, and a fuse, in violation of 26 U.S.C. §§ 5841, 5845(a)(8), 5861(d), 5871.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461, and 49 U.S.C. § 80303, upon conviction of an offense in violation of 26 U.S.C. §§ 5845, 5861(d), 5871, as set forth in this Indictment, the Defendant, DANIEL JAMES ANDERSON, shall forfeit to the United States of America any property involved or used in the commission of the offense, including, but not limited to, the following:

an improvised explosive device consisting of a small glass jar containing wadding, shrapnel, an explosive charge, and a fuse.

DATED this 4 day of January 2022.

A TRUE BILL

_____
Vanessa R. Waldref
United States Attorney

_____
Patrick J. Cashman
Assistant United States Attorney

INDICTMENT – 8

Case 4:22-cr-06001-SMJ ECF No. 17 filed 01/07/22 PageID.69 Page 1 of 1
Case 2:22-mj-00005-JAG Document 1-1 *SEALED* (Court only) Filed 01/04/22

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

| United States of America | ) |
|---|---|
| v. | ) |
| CONNOR DUANE GOODMAN | ) Case No. 4:22-CR-6001-SMJ-2 |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* CONNOR DUANE GOODMAN,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 371 Conspiracy to Make or Possess an Unregistered Destructive Device

Date: Jan 04, 2022, 11:25 am

*Issuing officer's signature*

City and state: Yakima, Washington

Sean F. McAvoy, Clerk of Court/DCE
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*